### Ellis Southern v. The State.

No. 769. Decided November 2, 1910.

Rehearing Denied December 21, 1910.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Charge of Court—Defendant's Failure to Testify—Reasonable Doubt.**

Where, upon trial of murder, the court had already instructed the jury covering the issue of reasonable doubt and defendant's failure to testify, there was no error in refusing special instructions thereon.

**3.—Same—Charge of Court—Statutes Construed—Corpus Delicti.**

Article 654, Penal Code, with reference to the amount of proof necessary to convict the accused of homicide, is simply a rule of evidence and limitation upon the quantum of proof required in the case to which it relates, and it is not necessary that the substance of this article should be submitted in a charge to the jury.

**4.—Same—Charge of Court—Case Stated—Corpus Delicti.**

   Where, upon trial of murder, the evidence showed that the charred remains of a human being discovered on the burned premises were those of deceased, and the court charged the jury that they must find the fact of the killing of the deceased beyond a reasonable doubt, and that the person alleged to have been slain was dead, and that defendant killed him, otherwise to acquit; and besides submitted the issues of circumstantial evidence and alibi, Article 654, Penal Code, was sufficiently covered, and there was no reversible error.

   Appeal from the District Court of Fort Bend. Tried below before the Hon. Wells Thompson.

   Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

   The opinion states the case.

   *L. M. Ballou* and *F. V. Jaerger,* for appellant.—On the question of corpus delicti and insufficiency of the evidence: Puryear v. State, 28 Texas Crim. App., 73, 11 S. W. Rep., 929; Monk v. State, 27 Texas Crim. App., 450; id., 460; High v. State, 26 Texas Crim. Rep., 545, 10 S. W. Rep., 238; Olivares v. State, 23 Texas Crim. App., 305, 4 S. W. Rep., 903; Ex parte Patterson, 50 Texas Crim. Rep., 271, 95 S. W. Rep., 1061; Johnson v. State, 49 Texas Crim. Rep., 314, 94 S. W. Rep., 224; Southern v. State, 57 Texas Crim. Rep., 188, 122 S. W. Rep., 259.

   *John A. Mobley,* Assistant Attorney-General, for the State.

   RAMSEY, JUDGE.—This is the second appeal of this case. The first appeal will be found reported in 57 Texas Crim. Rep., 188, 122 S. W. Rep., 259, where a full statement of all the facts is given.

   In this case the testimony of the State is strengthened in many ways. There was, among other things, ample proof of motive growing out of the jealousy of deceased and their rivalry for the affections of the same woman. Further, the State introduced a witness to whom appellant, in direct terms, admitted that he had killed Jerry Williams, the deceased. While circumstantial, we think, as we indicated before, that the jury were justified in finding that the charred remains of a human being discovered on the burned premises were those of deceased.

   1. There is no bill of exceptions in the record, and but one special charge asked by appellant, which instructed the jury that the failure of appellant to testify was not to be taken as a circumstance against him, and that if they had a doubt of appellant's guilt they should acquit him. The court had already instructed the jury covering both of these matters, and there was no occasion why these instructions should be repeated.

   2. The only ground of the motion, which is in any sense substantial, is the second ground thereof which complains that the court erred in not charging the jury the substance of article 654 of our

Penal Code. This article is as follows: "No person shall be convicted of any grade of homicide unless the body of the deceased or portions of it are found and sufficiently identified to establish the fact of the death of the person charged to have been killed." Our examination of the decisions has not disclosed any case where it has ever been held that the court is required to give the substance of this provision in charge to the jury, nor do we think it should be required to be done. Rather, we think, this is a rule of evidence and limitation upon the quantum of proof required in the case to which it relates. Besides, in this case, the court instructed the jury that they must find the fact of the killing of the deceased Williams beyond a reasonable doubt, and further, the jury were, in express terms, instructed that unless they believed beyond a reasonable doubt that Jerry Williams was dead and that the defendant killed him, they should find him not guilty. There was also an excellent instruction on the law of circumstantial evidence and alibi. We think, in any event, that this instruction comprises the substance of the article of the statute above referred to.

A careful inspection of the record has failed to disclose any just ground for reversal, and it must follow that the judgment of conviction should be, as it is hereby, in all things affirmed.

*Affirmed.*

McCord, Judge, not sitting.
[Rehearing denied December 21, 1910.—Reporter.]